UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAEL BASS #652470,

        Petitioner,                      Case Number 2:11-CV-15536
                                                      Honorable George Caram Steeh

   v.

CATHERINE BAUMAN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This matter is before the Court on Petitioner Rafael Bass's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner was convicted in the Wayne Circuit Court after a jury trial of first-degree murder, MICH. COMP. LAWS § 750.316, and commission of a felony with a firearm. MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to life imprisonment for the murder conviction, to be served consecutively with a two-year term for the firearm conviction. The petition claims that: (1) insufficient evidence was presented at trial to show that Petitioner caused the victim's death; and (2) Petitioner's right to confrontation was denied by the prosecutor's references to information from a confidential informant. The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

## I. Facts and Procedural History

Petitioner's conviction arises from a botched car-jacking in which the victim, sixty-one year old Paul Singleton, was killed.

The evidence presented at trial showed that the victim was seated in his parked car in a gas station parking lot. An eyewitness, Kenneth Lewis, was walking in front of the car. He saw two men who had just emerged from a green van approach Singleton's car. The shorter of the two men tapped a handgun on the side window of the car. Lewis went into the station and told the clerk to call 9-1-1.

From inside the station, Lewis saw the victim struggle for control of the gun. The man fired the gun several times, but the victim managed to close his car door. Meanwhile, the taller man ran in front of the victim's car and fired shots through the windshield. The two men then got back in their van and drove off. The victim, meanwhile, also drove off at a high rate of speed.

Within a half-mile of the station, Singleton crashed into a tree. An eyewitness to the crash testified that it looked like he was going "about a hundred miles an hour" before his car jumped the curb.

Singleton had been shot twice in the lower leg. Neither bullet hit any bone or major artery, but both caused bleeding that if left untreated were potentially fatal. The injuries from the crash, however, were much more serious. His liver was lacerated and he had completely bit through his tongue. Singleton had no pulse at the scene.

The Michigan State Police produced enhanced still photos taken from the gas station security camera. The photos were disseminated to the media, and as a result, police got tips that identified co-defendant Dremaris Jackson as one of the gunmen.

Thirteen days after the incident, Lewis identified Jackson from a photographic array as the shorter man who stood on the side of the victim's car. Months later, Lewis identified a photograph of Petitioner as the taller man involved in the shooting.

Petitioner spoke with police and told police them Jackson was the only perpetrator, and he was an unarmed bystander.

Quantrez Sawyer testified that he drove Petitioner and Bass to the gas station, dropped them off, and then drove away with them about five minutes later when they came running back.

The jury found Petitioner guilty and he was subsequently sentenced as indicated above.

Petitioner then filed a claim of appeal in the Michigan Court of Appeals. He was appointed appellate counsel who filed an appellate brief that raised the same claims that Petitioner presents in the current petition.

The Michigan Court of Appeals issued an unpublished *per curiam* opinion affirming Petitioner's convictions. *People v. Bass*, 2010 WL 1817362 (Mich. App. May 6, 2010). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising the same issues. The Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed. *People v. Bass*,788 N.W.2d 437 (Mich. 2010)(table).

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.

770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S.Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5  (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

### III. Analysis

**A. Sufficiency of the Evidence**

Petitioner asserts that insufficient evidence was presented at trial to sustain his murder conviction. Specifically, Petitioner challenges the sufficiency of the evidence offered to show that he caused the victim's death. He asserts that the gunshots were nonfatal and that the victim's reckless driving after the shooting was the cause of his death. Respondent asserts that the Michigan Court of Appeals decision rejecting this claim on the merits was not objectively unreasonable.

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the

*Jackson* standard. *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson,* 132 S.Ct. 2060, 2065 (2012).

>The Michigan Court of Appeals rejected Petitioner's claim as follows:
>
>A challenge to the sufficiency of evidence is reviewed by this Court de novo. *People v. Cline*, 276 Mich. App. 634, 642 (2007). We must "'view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.'" *Id.*, *quoting People v. Wolfe*, 440 Mich. 508, 515, amended 441 Mich. 1201 (1992).
>
>The elements of first-degree felony murder are: "(1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result [i.e., malice], (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in [MICH. COMP. LAWS 750.316(1)(b)," here robbery. *People v. Smith*, 478 Mich. 292, 318-319 (2007) (internal quotations and citations omitted).
>
>To prove causation in a criminal case, the defendant's conduct must be both the factual cause and the proximate cause of the result. *People v. Schaefer*, 473 Mich. 418, 435(2005), *overruled in part on other grds People v. Derror*, 475 Mich. 316. Factual causation is established if the result would not have occurred "but for" the defendant's conduct. *Schaefer*, 473 Mich. at 435-436. Proximate cause is established if the victim's injury is a "direct and natural result" of the defendant's conduct. *Id.* at 436. However, if there was an intervening cause that superseded the defendant's conduct, then the causal link between the defendant's conduct and the victim's injury is broken, and the defendant's conduct is not deemed to be the proximate cause. *Id.* at 436-437.

> An intervening cause supersedes a defendant's conduct as the proximate cause if it was not reasonably foreseeable. *Derror*, 475 Mich. at 437-438. Although "an act of God or the gross negligence or intentional misconduct by the victim or a third party will generally be considered a superseding cause, ordinary negligence by the victim or a third party will not be regarded as a superseding cause because ordinary negligence is reasonably foreseeable." *Id.* at 438-439 (emphasis in original).
>
> In this case, there is no dispute that Bass's conduct was the factual cause of the victim's death because there is evidence that Bass was one of the shooters and the victim would not have driven away at a high rate of speed and crashed had he not been shot. In addition, Bass's conduct was the proximate cause of the victim's death because it was the direct and natural result of Bass's conduct. The victim driving his car away at a high rate of speed and crashing into a tree is not an intervening cause that severs the causal link. It was reasonably foreseeable that, after being shot twice in the leg while in the driver's seat of his car, the victim would try to quickly get away from his assailants to either escape or seek medical attention. His ability to maneuver the car would have been hampered by his wounds and the fact that the windshield had been shattered by gunfire. As a result, it was reasonably foreseeable that the victim would lose control of his vehicle and crash.
>
> Although the victim's driving may have contributed to the crash, the victim's driving was no more than mere negligence, which was reasonably foreseeable under the circumstances. Therefore, the evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that Bass's acts were a proximate cause of the victim's death. *See People v. Bailey*, 451 Mich. 657, 676-677, amended 453 Mich. 1204 (1996).

*Bass*, 2010 WL 1817362, *1-2.

The Michigan Court of Appeals recited the correct governing constitutional standard in discussing Petitioner's claim, and its conclusion that sufficient evidence was presented at trial to sustain Petitioner's convictions was reasonable.

The evidence showed that Petitioner and his accomplice attempted to rob the victim as he sat in his car. When the victim resisted, the perpetrators began firing handguns at him, striking him twice in the leg. In light of this evidence, a rational fact-finder could find beyond a reasonable doubt that the victim, in fear for his life, would attempt to flee the

scene in his car at a high rate of speed. The victim's reaction to the shooting–driving away at a high rate of speed to escape further harm or seek medical attention–was reasonably foreseeable. *Derror*, 475 Mich. at 437-438. In addition, as determined by the Michigan Court of Appeals, Singleton's ability to operate his vehicle safely would be impaired by being shot twice as well as by the damage to his windshield. Accordingly, it did not "fall below the threshold of bare rationality" for the jury to conclude that the victim's accident did not constitute a superceding cause of his death. Petitioner is therefore not entitled to habeas relief based on this claim.

**B. Presentation of Hearsay**

Petitioner next argues that the prosecutor violated his rights under Confrontation Clause by referring to information he received by a confidential informant. Petitioner asserts that this amounted to the presentation of hearsay evidence without providing him the right to confront the informant. Respondent argues that the claim was reasonably rejected by the Michigan Court of Appeals.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965). The rights of confrontation and cross-examination "have ancient roots" which the "Court has been zealous to protect . . . from erosion." *Id.*, at 404-05 (internal quotation omitted). The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there

is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'" *Id.* at 405, quoting *Turner v. State of Louisiana*, 379 U.S. 466, 472-73 (1965).

Here, the Michigan Court of Appeals rejected Petitioner's claim as follows:

> Next, Bass argues that the prosecutor improperly informed the jury about the content of an anonymous call, which violated his right to confrontation. We disagree.
>
> Whether a defendant's Sixth Amendment right of confrontation was violated is a question of constitutional law that we review de novo. *People v. Bryant*, 483 Mich. 132, 138 (2009). The confrontation clause of the United States and Michigan Constitutions provides a criminal defendant with the constitutional right to confront witnesses against him. US Const, Am VI; Const 1963, art 1, § 20. To preserve this right, testimonial hearsay is inadmissible against a criminal defendant unless the declarant is unavailable and there was a prior opportunity for cross-examination of the declarant. *Crawford v. Washington*, 541 U.S. 36, 42, 58, 68 (2004); *People v. Shepherd*, 472 Mich. 343, 347 (2005). However, the confrontation clause is not implicated unless the elicited testimony is offered for the truth of the matter asserted. *Crawford*, 541 U.S. at 36.
>
> During his opening statement, the prosecutor stated:
>
>> Investigator [Dale] Collins does some investigation. He takes the tape from the gas station that videoed this incident in hopes that maybe he can get a lead. He puts it on the news, the news is shown. Someone anonymously calls Investigator Collins. Investigator Collins puts it together, does his work.
>>
>> Then he takes the photos-once he pulls the photos and got the names and everything, he takes the photos to Mr. Lewis. He asks Mr. Lewis, "Can you identify the shooters?" "Well, they look-these are the people they look like."
>
> The confrontation clause is not implicated by the prosecutor's opening statement. The prosecutor merely stated that Collins received an anonymous tip and what Collins did in response to the tip. The prosecutor's statement did not address the substance of the tip. Further, it did not constitute hearsay because it was not presented for the truth of the matter asserted. Rather, it was mentioned to show the effect on Collins in how it led him include Bass in the photo array. Again, the confrontation clause is only implicated by substantive use of hearsay. *Crawford*, 541 U.S. at 36. Thus, Bass's right to confront the witnesses against him was not infringed.

*Bass*, 2010 WL 1817362, *2-3.

This decision constituted a reasonable application of clearly established Supreme Court law. The statement that Collins was led to the suspected perpetrators by an informant was admissible for the non-hearsay purpose of describing the ongoing police investigation of Petitioner and his co-defendant. The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n. 9 (2004); see also *Tennessee v. Street*, 471 U.S. 409, 414 (1985). Indeed, "[I]n some circumstances, out of court statements offered for the limited purpose of explaining why a government investigation was undertaken have been determined not to be hearsay." *United States v. Gibbs*, 506 F. 3d 479, 486-87 (6th Cir. 2007) (quoting *United States v. Martin*, 897 F.2d 1368, 1371 (6th Cir.1990)). Evidence that is provided merely by way of background or is offered only to explain how certain events came to pass or why law enforcement officers took the actions that they did is not offered for the truth of the matter asserted, and thus cannot trigger a Confrontation Clause violation. See *United States v.Warman*, 578 F.3d 320, 346 (6th Cir. 2009)(quoting *United States v. Cromer*, 389 F.3d 662, 676 (6th Cir. 2004)). Here, there is no basis for questioning the state appellate court's decision that the testimony at issue was not offered for a hearsay purpose. Petitioner, therefore, has not established a Confrontation Clause violation.

### IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of Petitioner's claims. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because an appeal could not be taken in good faith.

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **DENIED**.

Dated: December 10, 2013

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 10, 2013, by electronic and/or ordinary mail and also on Rafael Bass #652470, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862.

s/Barbara Radke
Deputy Clerk